UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian K. Berry, ) | |
| ) | C/A No: 5:13-cv-00736-DCN-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| Dr. Tomarchio, SCDC Official, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Produce Documents, ECF No. 35; Motion to Amend/Correct Complaint, ECF No. 36; Motion for Reconsideration, ECF No. 37; and Motion to Hold, ECF No. 40. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**Motion to Produce Documents, ECF No. 35**

In his motion, Plaintiff requests that the court "allow [him] to have copys [sic] of [his] medical records, mental health records and disciplinary records, and computer notes and comments from all [South Carolina Department of Corrections ("SCDC")] Officials." ECF No. 35 at 1. Plaintiff indicates that he is sending a Staff Request to the Central Office Annex to also ask them for his records. *Id.* Defendant opposes Plaintiff's motion arguing that Plaintiff does need Defendant to produce these documents because he is able to get the requested documents directly from SCDC, and Plaintiff has indicated that he has initiated the procedure to obtain these

records. ECF No. 47 at 1. Defendant also opposes Plaintiff's motion because he contends that he is not the owner or custodian of the records Plaintiff seeks, and is not "in possession of some, if not all, of the records," and that Plaintiff must serve a request for production, as opposed to filing a motion, to receive a copy of the documents within Defendant's control. *Id.* Plaintiff did not respond to Defendant's contention that he is able to obtain the requested documents directly from SCDC and that Plaintiff has already sent a request to SCDC to receive these documents. Accordingly, Plaintiff's Motion to Produce Documents, ECF No. 35, is DENIED as MOOT. Plaintiff is advised that future requests for discovery from Defendant should be served directly on Defendant pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and document requests to third parties should be served pursuant to Rule 45 of the Federal Rules of Civil Procedure.

**Motion to Amend/Correct Complaint, ECF No. 36**

Plaintiff moves to amend his Complaint seeking to add new claims and causes of action and substituting new Defendants for Defendant Tomarchio. ECF No. 36. Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (noting courts favor "resolution of cases on their merits.").

Plaintiff's initial Complaint sought injunctive relief and compensatory damages from Defendant Tomachio for his alleged failure to properly treat an infection that Plaintiff had in his

right big toe. ECF No. 1-2 at 1-5.  Plaintiff's proposed Amended Complaint seeks to add seven new Defendants and seeks monetary damages for emotional stress and pain related to the delay in treatment of his infected toe nail.  ECF No. 36-1 at 6.[1]   Plaintiff's toenail has been treated since he filed his original Complaint.  *Id.* at 5.  Plaintiff also "would like the court to look in to changing policies at SCDC to help with other inmates that are [having] the same issue with medical care." *Id.* at 6. Defendant opposes the amendment arguing if Plaintiff is permitted to amend his complaint that it "will create an entirely new action, comprised of an entirely new cast of defendants . . . with an entirely new slate of claims . . . over an entirely new set of events, some of which are entirely unrelated to one another in nature, place and person."  ECF No. 45 at 1.

To prevail on a 42 U.S.C. § 1983 medical treatment claim, one must allege acts or omissions evidencing deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference can be established by showing that the medical treatment was so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). An assertion of negligence or malpractice in diagnosis and treatment does not present a constitutional claim. *Estelle*, 429 U.S. at 105-06.

Plaintiff's proposed Amended Complaint contains allegations which tend to show that he is dissatisfied with his course of medical treatment or that one or more health providers may have

---

[1] Plaintiff's Motion to Amend also seeks to add additional defendants and failure to protect claims regarding an alleged assault by fellow inmates in January 2013. ECF No. 36-1 at 7-9.  As these new claims are wholly unrelated to the Plaintiff's original claims, Plaintiff's Motion to Amend his Complaint is DENIED.   Plaintiff is free to proceed with his failure to protect claims by filing a separate civil action.  The court makes no finding as to whether such claims would be viable.

been negligent or committed malpractice. Plaintiff's allegations, however, do not amount to a charge of deliberate indifference to a serious medical need, but at most are a claim of negligence or malpractice not actionable under § 1983. Accordingly, Plaintiff's Motion to Amend/Correct Complaint, ECF No. 36, is denied as futile.

**Plaintiff's Motion for Reconsideration, ECF No. 37**

Plaintiff asks the court to reconsider its order denying Plaintiff's Motion to Appoint Counsel, ECF No. 32. Plaintiff contends that SCDC officials did not document his complaint about his infected big toe and that appointment of counsel "is important for truth (finding) that I can't Bring to this court for evidence myself." ECF No. 37 at 1. Plaintiff asks for counsel to help him find the truth. *Id.* The court has reviewed Plaintiff's objections and finds that Plaintiff's argument does not present new facts that establish exceptional circumstances that would warrant the appointment of counsel. Plaintiff's Motion for Reconsideration, ECF No. 37, is therefore denied.

**Plaintiff's Motion to Hold, ECF No. 40**

Plaintiff filed a Motion to Hold (construed as a Motion to Reconsider) telling the court that he "really need the (TRO) because SCDC officials . . . hurt [his] life physically, mental[ly], and emotionally. Plus they cover each others back and not telling the holle (sic) truth when they knew they was wrong." ECF No. 40 at 1. Defendant opposes Plaintiff's motion. ECF No. 46. The court has reviewed Plaintiff's arguments in support of his Motion and finds that these arguments do not warrant any adjustment to the court's Report and Recommendation that recommended that Plaintiff's Motions for a Preliminary Injunction and Temporary Restraining Order be denied, ECF No. 33. Accordingly, Plaintiff's Motion to Hold (construed as a Motion to Reconsider), ECF No. 40, is hereby denied.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion to Produce Documents, ECF No. 35; Motion to Amend/Correct Complaint, ECF No. 36; Motion for Reconsideration, ECF No. 37; and Motion to Hold, ECF No. 40, are DENIED.

IT IS SO ORDERED.

August 27, 2013
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge